UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>　　v.<br><br>LEONARD WALTER,<br><br>　　　　　Movant. | No. 2:14-cr-0210 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner proceeding through counsel on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 168.) Movant seeks relief under Section 402 of the First Step Act, which the United States opposes (ECF No. 179). The time for filing a reply has passed and the motion is now fully briefed.

I.　　Background

On July 17, 2018, movant pled guilty to Count I of the indictment: conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 946, 841(a)(1). ECF Nos. 130, 132. He was sentenced on February 5, 2019, to a 120-month term of imprisonment (ECF No. 158), and filed a notice of appeal the same day (ECF No. 157). Just over a month later, movant requested substitution of counsel and voluntarily dismissed his appeal in order to pursue the instant § 2255 motion. (ECF Nos. 165, 170.) Movant's voluntary surrender date was continued to May 15, 2019, to allow for resolution of the

1

§ 2255 motion (ECF No. 175) and expedited briefing was ordered (ECF No. 176).

II. <u>The Motion</u>

Movant seeks relief on the ground that an amendment to 18 U.S.C. § 3553(f), that occurred after his plea was entered but prior to sentencing, made him eligible for a sentence below the mandatory minimum. He first asserts that his due process rights were violated when the court sentenced him without being aware that he was now eligible for a sentence below the mandatory minimum under 18 U.S.C. § 3553(f). (ECF No. 168 at 4-5.) Movant next contends that counsel provided ineffective assistance when she failed to recognize his newly gained eligibility under § 3553(f) and advise him of his available options in light of the change in the law. (<u>Id.</u> at 5-6.) He also argues that the error in applying § 3553(f) was due to an oversight or omission and is therefore correctable under Federal Rule of Criminal Procedure 36. (<u>Id.</u> at 6.) Finally, movant asserts that the waiver provision of his plea agreement did not waive his right to bring the instant § 2255 motion. (<u>Id.</u> at 6-7.)

III. <u>First Step Act and 18 U.S.C. § 3553(f)</u>

On December 21, 2018, the First Step Act was signed into law and Section 402 of the Act expanded eligibility for the safety valve provision of 18 U.S.C. § 3553. First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018). After amendment, the safety valve provision provided that

> [n]otwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846), . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> (1) the defendant does not have--
>
>    (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
>    (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>
>    (C) a prior 2-point violent offense, as determined under the

2

| | sentencing guidelines; |
|---|---|

> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
>
> Information disclosed by a defendant under this subsection may not be used to enhance the sentence of the defendant unless the information relates to a violent offense.

18 U.S.C. § 3553(f). Prior to amendment, § 3553(f)(1) provided that a defendant was only eligible if he did "not have more than 1 criminal history point, as determined under the sentencing guidelines."

IV. Analysis

For purposes of analyzing the § 2255 motion, the undersigned assumes without deciding that movant did not waive his right to challenge his sentence on the grounds raised in the motion.

A. Eligibility Under 18 U.S.C. § 3553(f)

Section 3553(f) allows the court to issue "a sentence below the otherwise mandatory minimum in certain cases of diminished culpability." United States v. Dominguez Benitez, 542 U.S. 74, 78 (2004). Specifically, those where the defendant meets § 3553(f)'s five conditions. Id. "Errors in the determination of safety valve eligibility require resentencing even where the district court has indicated that it would not have sentenced below the mandatory minimum." United States v. Mejia-Pimental, 477 F.3d 1100, 1109 (9th Cir. 2007). "The defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence." Id. at 1104 (citation

omitted).

It is undisputed that when movant pled guilty on July 17, 2018, he was not eligible for safety valve consideration because he had too many criminal history points. (ECF No. 168 at 3, ¶ 11.) However, prior to movant's sentencing on February 5, 2019, the First Step Act increased the number of criminal history points a defendant could have while still remaining eligible for safety valve consideration and altered how those points were counted. Movant argues that, based on the change, he became eligible for safety valve consideration because he met the first four requirements and was and is willing to satisfy the last requirement. (Id. at 3-4, ¶¶ 13-14.) Respondent does not dispute that, after enactment of the First Step Act, movant met the first four criteria for safety valve eligibility. (ECF No. 179 at 9-11.) Instead, the government argues that it is undisputed that movant has not met the fifth requirement and is further unable to meet that requirement because the time for doing so has passed. (Id.)

The fifth requirement for safety valve eligibility is that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). It is undisputed that movant has never participated in a safety valve debriefing. (ECF No. 168 at 4, ¶ 14; ECF No. 168-2 at 2, ¶ 5; ECF No. 179 at 9.) Instead, in his verified motion, movant argues that "he was and remains willing to satisfy the last safety valve requirement." (ECF No. 168 at 4, ¶ 14.) He supports this claim with the declaration of previous counsel, which states that she discussed a safety valve debriefing with movant and "he did agree to participate in a safety valve debriefing. But [she] never pursued a safety valve debriefing with the government's attorney because [she] did not believe Mr. Walter qualified for a safety valve sentence below the mandatory minimum." (ECF No. 168-2 at 2, ¶ 5.)

In arguing his eligibility under § 3553(f), movant skirts around the facts that he has never participated in a safety valve debriefing and that "[t]he fifth required finding expressly addresses timing, by requiring the defendant to have provided information '*[n]ot later than the time of the sentencing*.'" United States v. Stockdale, 129 F.3d 1066, 1068 (9th Cir. 1997) (emphasis added)

4

(quoting 18 U.S.C. § 3553(f)(5)).  Although he implies that but for his counsel's deficient performance he would have participated in a safety valve debriefing and provided the necessary information prior to sentencing, movant fails to make any explicit statement to this effect,[1] much less one under penalty of perjury.[2]  However, even if the court were to assume that movant would have agreed to participate in a safety valve debriefing had his counsel properly advised him of the change in the law, he has not shown that he would have "satisfie[d] his 'good faith' obligation by providing the Government with truthful, complete information by the time of the sentencing hearing."  Mejia-Pimental, 477 F.3d at 1105.  In fact, the evidence before the court shows the opposite.

"Congress enacted § 3553(f) to rectify an inequity in [the] system, whereby more culpable defendants who could provide the Government with new or useful information about drug sources fared better under § 3553(e) than lower-level offenders, such as drug couriers or 'mules,' who typically have less knowledge."  United States v. Shrestha, 86 F.3d 935, 938 (9th Cir. 1996) (citation omitted).  "Accordingly, section (5) of the safety valve provision has been termed a 'tell all you can tell' requirement.  In other words, the defendant must provide, prior to sentencing, all information at his disposal which is relevant to the offense, whether or not it is relevant or useful to the government's investigation."  Id. at 939 (citations omitted).  "As several courts to consider the matter have determined, this information includes details concerning other parties to the crime, such as the source who provided defendant with the drugs and other persons in the chain of distribution, if known."  Id. (citations omitted).  In other words, the difference between

---

[1] In arguing that counsel was ineffective, movant argues that once his criminal history points no longer barred him from safety valve eligibility, counsel should have advised him "that he qualified for a safety valve sentence and discussed his available options with him, such as moving to withdraw his guilty plea and informing the government and the Court that he qualified for a safety valve sentence."  (ECF No. 168 at 5, ¶ 19.)  However, the amendment of § 3553(f)(1) removed only one of two bars to movant's eligibility, and there is no evidence that prior to sentencing he "truthfully provided to the Government all information and evidence [he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).  Absent that provision of information, movant was not eligible for safety valve sentencing.

[2] Although the motion to vacate is verified (ECF No. 168 at 9), movant has not provided a separate declaration or affidavit in support of the motion.

subsections (e) and (f) is not what information is required to be provided, but whether that information is new or useful to the government.[3]

As respondent points out, based on the information in movant's presentence report, it does not appear possible that he could have complied with § 3553(f)(5)'s "tell all" requirement without providing information about the motorcycle with which he was involved (ECF No. 137), and there is no indication that he intended to provide such information. Both the verified motion and prior counsel's declaration state that "while Mr. Walter did not agree to 'cooperate' with the government to seek a sentence below the statutory minimum through 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, he was and remains willing to satisfy the last safety valve requirement." (ECF No. 168 at 4, ¶ 14; ECF No. 168-2 at 2, ¶ 5.) Movant's refusal to "cooperate" under § 3553(e) was further reflected at the sentencing hearing where counsel for the government stated that

> there was a choice afforded Mr. Walter to try and get below the 120 month, but given some of the atmospherics and his affiliation with a certain group that's identified throughout the PSR, I think he chose to maintain his cred, and that's his choice. And so while the Court doesn't have discretion to go below the mandatory minimum, there certainly was an opportunity that was not taken. And it's understandable. I understand the code. But I just want that to be clear that there was at least an opportunity that was not taken.

(ECF No. 182 at 19 (Sentencing Transcript at 6:7-16).) This statement was acknowledged by movant's counsel, who responded that movant "chose the path that he chose more out of safety concerns for himself and his family." (Id. at 20 (Sentencing Transcript at 7:2-4).) The evidence therefore shows that movant was in fact not willing to "tell all he knew" prior to sentencing[4] and his apparent argument that there is some differing, lesser amount of information that he could provide to satisfy § 3553(f)(5), while withholding additional information that would satisfy § 3553(e), is without merit. See United States v. Martinez-Carranza, 693 F. App'x 672, 673-74 (9th Cir. 2017) (rejecting argument that counsel was deficient for failing to explain that defendant

---

[3] Subsection (e) also provides that the government must move for the sentence reduction, while subsection (f) leaves the eligibility determination to the court. However, this difference does not alter the "tell all" nature of subsection (f)(5).

[4] There is also no evidence before the court that movant has since attempted to tell the government all that he knows.

could disclose information about his own wrongdoing under § 3553(f)(5) without offering substantial assistance under § 3553(e) because it erroneously assumed that he could remain safety valve eligible "by disclosing his own involvement in the crime but by withholding any information he ha[d] about others' involvement"); United States v. Thompson, 81 F.3d 877, 879 (9th Cir. 1996) (rejecting argument that court confused the purpose of § 3553(f)(5) with § 3553(e) when it refused to apply the safety valve where defendant refused to reveal the source of the drugs involved in the case and holding that "[t]he phrase 'all information and evidence' is quite broad. There is no limit placed on the type of information that must be provided."); United States v. Campoy Silva, No. 96-10274, 110 F.3d 70 (Table), 1997 WL 143786, at *1, 1997 U.S. App. LEXIS 5943, at *2-3 (9th Cir. 1997) (district court did not clearly err when it found defendant did not meet the requirements of § 3553(f)(5) because there was no evidence that he "told all he knew to anyone in the government prior to the hearing; while he acknowledged his involvement in the offense, he was not forthcoming about his role or what he knew about the drug operation" (citation omitted)).

For these reasons, movant has failed to meet his burden of showing that he was eligible for a sentence of less than the mandatory minimum under § 3553(f) and therefore fails to demonstrate that his due process rights have been violated and that he is entitled to resentencing.

B. Ineffective Assistance of Counsel

The two prong Strickland standard governing ineffective assistance of counsel claims requires petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington v. Richter, 562 U.S. 86, 105 (2011) (citing Strickland, 466 U.S. at 690). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "That requires a 'substantial,' not just 'conceivable,'

likelihood of a different result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Richter, 562 U.S. at 112). The court "do[es] not have to evaluate both prongs of the test if the defendant fails to establish one." Pollard v. White, 119 F.3d 1430, 1435 (9th Cir. 1997) (citing Strickland, 466 U.S. at 697).

Movant argues that counsel was deficient because she failed to recognize that his criminal history points no longer barred him from eligibility for sentencing under § 3553(f), and that but for counsel's deficient performance, he would have likely received a sentence below the mandatory minimum. (ECF No. 168 at 5-6.) However, as discussed above, the evidence shows that movant had not fulfilled, and was not willing to fulfill, the "tell all" requirement of § 3553(f)(5) prior to sentencing and therefore remained ineligible for sentencing under § 3553(f), even if his criminal history points were no longer a bar to his eligibility. Accordingly, movant has not shown that counsel's failure to recognize that the change in the law prejudiced him because he remained ineligible for a sentence below the mandatory minimum. Because it is clear that movant has not established prejudice, the court need not consider whether counsel's performance was in fact "fell below an objective standard of reasonableness."

### C. Federal Rule of Criminal Procedure 36

Even if movant were able to show that he was entitled to sentencing under the safety valve provision of § 3553, he would be unable to obtain such relief under Federal Rule of Criminal Procedure 36. "Rule 36 is a vehicle for correcting clerical mistakes but it may not be used to correct judicial errors in sentencing." United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) (collecting cases). Any error caused by failure to apply the safety valve in determining movant's sentence would constitute more than a clerical mistake and would not be capable of correction pursuant to Rule 36.

### V. Conclusion

On the record currently before the court, movant has not met his burden of demonstrating his eligibility for a sentence less than the mandatory minimum under § 3553(f) and has therefore failed to show either a violation of his due process rights or that he was prejudiced by counsel's oversight.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 168) be DENIED.

2. The Clerk of the Court be directed to close the companion civil case No. 2:19-cv-0446 JAM CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **five** days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. § 2255(c)(1).

Dated: April 30, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:walt0210.257.f&r

9